## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ALLEN GLENN THOMAS, ID # 633145, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:06-CV-0479-D |
| | ) | |
| DOUGLAS DRETKE, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

On March 9, 2006, the Court received a filing from petitioner titled "Rule 60(b)(4) Motion from a Void Judgment" in which petitioner contends that Fifth Circuit Judges Garwood, Garza, and Prado entered a void judgment on February 8, 2006.[1] Because petitioner characterized his filing as "a memorandum of law in support of this application for a writ of habeas corpus", the Court has construed the present filing as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He specifically argues that he was convicted by an "Auxiliary Drug Court" under an unconstitutional statute by a "disqualified judge." In addition to asserting a habeas challenge in this Court, petitioner clearly seeks relief under Fed. R. Civ. P. 60(b) from the Fifth Circuit's February 8, 2006 order on

---

[1] On February 8, 2006, Justices Garwood, Garza, and Prado entered a per curiam order that denied petitioner's motion for authorization to file a successive petition with this Court. *See In re Thomas*, No. 05-11410, slip op. at 1-2 (5th Cir. Feb. 8, 2006) (copy attached to petition filed in this action).

various grounds.  In view of the various forms of relief sought by petitioner, the Court first considers whether it has jurisdiction over the instant petition.

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Liberally construing petitioner's current filing, petitioner seeks habeas relief pursuant to 28 U.S.C. § 2254 and relief under Fed. R. Civ. P. 60(b) from the Fifth Circuit's February 8, 2006 order that denies him authorization to pursue a second or successive petition in this Court.  However, Rule 60(b) provides no basis from obtaining relief from an order of a court of appeals.  *See* Fed. R. Civ. P. 1 (stating that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature").  The Federal Rules of Appellate Procedure "govern procedure in the United States courts of appeals." *See* Fed. R. App. P. 1(a)(1).  This Court has no jurisdiction to grant petitioner relief from the Fifth Circuit's February 8, 2006 order.

Furthermore, to the extent petitioner premises this action on 28 U.S.C. § 2254, the action is subject to the restrictions on second or successive petitions set forth in 28 U.S.C. § 2244(b). Section 2244(b)(3)(A) requires applicants to obtain authorization from the appropriate court of appeals before filing a second or successive petition in the district court.  As shown by attachments

to the petition filed in this action, this Court dismissed a prior habeas action by petitioner as untimely.  *See Thomas v. Johnson*, No. 3:99-CV-1767-P (N.D. Tex. filed Aug. 5, 1999) (relevant court documents attached to petition).  Furthermore, as found by the Fifth Circuit in its February 8, 2006 Order, petitioner's current habeas claims do not rely on a new rule of constitutional law made retroactively applicable on collateral review and are based upon a factual predicate which could have been discovered earlier through the exercise of due diligence.  *See In re Thomas*, No. 05-11410, slip op. at 1-2 (5th Cir. Feb. 8, 2006) (setting out twelve claims sought to be raised by petitioner in a successive § 2254 petition).  In light of the prior dismissal by this Court and the Fifth Circuit's denial of authorization to file a successive § 2254 action, the instant action is successive within the meaning of 28 U.S.C. § 2244(b) to the extent petitioner seeks habeas relief pursuant to § 2254.  This Court cannot exercise jurisdiction over the action under § 2254 without the requisite authorization from the court of appeals.  *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  Because the Fifth Circuit Court of Appeals has specifically denied petitioner authorization to file a second or successive petition, this Court has no jurisdiction to consider petitioner's habeas claims.

In addition, to consider "a second or successive petition in this Court after the Fifth Circuit has denied authorization for such filing would not only be contrary to § 2244(b)(3)(A) but would constitute an impermissible, unprecedented, and unwarranted end run around § 2244(b)(3)(E)." *Banos v. Cockrell*, No. 3:02-CV-2193-P, 2003 WL 21458772, at *2 (N.D. Tex. Apr. 28, 2003) (findings, conclusions, and recommendation), *accepted by* 2003 WL 21318484 (N.D. Tex. May 19, 2003). Subparagraph (E) provides that "[t]he denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari."  "One cannot simply ignore the dictates of this subparagraph

3

and proceed to the district courts despite having been denied authorization by the court of appeals."

*Banos*, 2003 WL 21458772, at *2.

For all of these reasons, the Court should find that it has no jurisdiction over the instant action.

## III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the Court **DISMISS** the instant action for lack of jurisdiction.  Petitioner may not pursue a successive habeas petition under 28 U.S.C. § 2254 without first obtaining authorization from a three-judge panel of the Fifth Circuit Court of Appeals.

**SIGNED this 31st day of March, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE